UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| FV-1, INC. IN TRUST FOR MORGAN STANLEY MORTGAGE CAPITAL HOLDINGS, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>COMMONWEALTH LAND TITLE INSURANCE COMPANY, and FIDELITY NATIONAL TITLE INSURANCE COMPANY d/b/a COMMONWEALTH LAND TITLE INSURANCE COMPANY,<br><br>Defendants. | No. _____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 & 1446, Defendants Commonwealth Land Title Insurance Company and Fidelity National Title Insurance Company ("Defendants") hereby remove the state court action entitled *FV-1, Inc. in Trust for Morgan Stanley Mortgage Capital Holdings, LLC vs. Commonwealth Land Title Insurance Company and Fidelity National Title Insurance Company d/b/a Commonwealth Land Title Insurance Company* pending in the Circuit Court of Sumner County, Tennessee, Case No. 83CC1-2013-CV-1455, to the United States District Court for the Middle District of Tennessee. In support of this Notice, Defendants state the following:

1.  Plaintiff commenced this civil action on December 27, 2013 in the Circuit Court of Sumner County, Tennessee against Defendants.

2.  Under 28 U.S.C. § 1441, removal is proper because this Court has original federal jurisdiction over this action. Such original jurisdiction is based on 28 U.S.C. § 1332 because diversity of citizenship exists between Plaintiff and Defendants, and the amount in controversy exceeds the jurisdictional minimum.

1

3. In accordance with 28 U.S.C. § 1441(a), venue is proper in the United States District Court for the Middle District of Tennessee.

## REMOVAL IS TIMELY

4. To date, Commonwealth is unaware of service of process of the Summons and Complaint upon Commonwealth or any registered agent designated to accept service of process on its behalf. 28 U.S.C. § 1446(b)(2)(C).

5. Fidelity[1] received a copy of the Summons and Complaint on or about January 15, 2014 through CT Corporation System. Upon information and belief, Plaintiff attempted to perfect service of process upon Fidelity by serving the State of Tennessee Department of Commerce and Insurance ("Department of Commerce") on or about January 3, 2014. The Department of Commerce in turn sent a copy of the Summons and Complaint via certified mail to CT Corporation System in Knoxville, Tennessee on or about January 13, 2014.

6. Fidelity did not received actual notice of the pleadings until January 15, 2014. Therefore, this Notice of Removal is timely pursuant to the provisions of 28 U.S.C. § 1446(b); *See Taphouse v. Home Ins. Co., Inc.*, 885 F.Supp. 158 (E.D.Mich. 1995) (Service by certified mail upon state insurance commissioner, pursuant to state statute, of lawsuit against insurer did not constitute "receipt by the defendant" and thus did not commence time clock for purposes of removal to federal court; time did not begin to run until suit papers were actually received by insurer).

---

[1] The Complaint alleges that Fidelity is now doing business as Commonwealth (Complaint, ¶3); however, Fidelity and Commonwealth are two separate corporate entities. Fidelity is not the proper party to this suit.

2

7. Furthermore, since Plaintiff has not served the Summons and Complaint upon Commonwealth or any registered agent designated to accept service of process on its behalf, removal is timely. 28 U.S.C. § 1446(b)(2)(C).

## DIVERSITY JURISDICTION

8. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332. Diversity jurisdiction exists where (1) the suit is between citizens of different states, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000).

9. Complete diversity exists between the relevant parties to this action. The named Plaintiff in this case alleges to be a Tennessee corporation with its principal place of business in Sumner County, Tennessee[2]. Complaint, ¶1.

10. Commonwealth Land Title Insurance Company ("Commonwealth") is a Nebraska corporation with its principal place of business in Jacksonville, Florida.

11. Fidelity National Title Insurance Company[3] ("Fidelity") is a California corporation with its principal place of business in Jacksonville, Florida.

12. Therefore, for diversity of citizenship purposes, Commonwealth is a citizen of States other than Tennessee, namely Nebraska and Florida. Likewise, Fidelity is a citizen of States other than Tennessee, namely California and Florida. *See* 28 U.S.C. § 1332(c)(1); 28 U.S.C. § 1348; *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006).

---

[2] Upon information and belief, Plaintiff is a Delaware corporation. However, the Complaint alleges it is a "Tennessee corporation with its principal place of business in Sumner County, Tennessee". Complaint, ¶1.

[3] The Complaint alleges that Fidelity is now doing business as Commonwealth (Complaint, ¶3); however, Fidelity and Commonwealth are two separate corporate entities. Fidelity is not the proper party to this suit.

## AMOUNT IN CONTROVERSY

13. The amount in controversy requirement of 28 U.S.C. § 1332 is also satisfied. Under 28 U.S.C. § 1332(a), the amount in controversy in a case where federal jurisdiction is based on diversity of citizenship must exceed $75,000, exclusive of interest and costs. With respect to § 1332's amount in controversy requirement, "[c]ourts assess the amount in controversy based on the face of the complaint . . . ." *Compass Group U.S.A., Inc. v. Eaton Rapids Public Sch.*, No. 09-1033, 2009 WL 3294877, at *2 (6th Cir. Oct.14, 2009) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Worthams v. Atlantic Life Ins. Co.*, 533 F.2d 994, 998 (6th Cir.1976)).

14. Here, the face of the Complaint clearly demonstrates that the amount in controversy exceeds the jurisdictional minimum. Plaintiff's Complaint asserts causes of action for breach of contract, though omits to attach any document purporting to be the contract, and negligence. Complaint, p. 5-8. The Complaint specifically demands certain damages in the amount of $157,500.00, plus attorneys' fees and expenses. Complaint, ¶41 and Prayer for Relief.

15. In light of the damages demanded in Plaintiff's Complaint, the amount in controversy in the instant matter satisfies the jurisdictional threshold of $75,000.00 set forth in 28 U.S.C. § 1332.

16. Because complete diversity exists and the amount in controversy is satisfied, subject matter jurisdiction is proper in this Court under 28 U.S.C. § 1332, making this removal proper.

4

11. Pursuant to 28 U.S.C. § 1446(d), Plaintiff is being provided with written notice of removal and a copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Sumner County, Tennessee.

12. Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings and orders received by Fidelity are attached hereto as Exhibit "A."

13. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendants' right to assert any defense or affirmative matter including, but not limited to, any defense outlined in Rule 12 of the Tennessee or Federal Rules of Civil Procedure as well as any other defense which may be available to it pursuant to any state or federal case law or statute.

THIS the 13th day of February, 2014.

Respectfully submitted,

*/s/ Courtney H. Gilmer*

Mark Glover (TN Bar No. 6807)
Courtney H. Gilmer (TN Bar No. 022131)
M. Ruthie Hagan (TN Bar No. 26839)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
First Tennessee Building
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
901.526.2000 (phone)
901.577.2303 (fax)

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I, hereby certify a true and exact copy of the foregoing will be served by U.S. Mail, postage pre-paid, this the 13th day of February, 2014.

      W. Tyler Chastain
      Bernstein, Stair & McAdams
      The Trust Company Building
      4823 Old Kingston Pike, Ste 300
      Knoxville, TN 37919

/s/ Courtney H. Gilmer
Courtney H. Gilmer